NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

BANK OF NEW YORK MELLON,

*Plaintiff,*

v.

CHRISTINA CALI,

*Defendant.*

Civil Action No. 18-15663

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court upon Defendant Christina Cali's notice of removal and her application to proceed *in forma pauperis*. D.E. 1.

Under 28 U.S.C. § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Defendant sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs. When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the pleadings and dismiss the matter if it determines that the action is frivolous, malicious, or fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1447(c); *see also New Jersey v. Aristeo*, No. 14-7911, 2014 WL 7404539, at *1-2 (D.N.J. Dec. 30, 2014) (granting *in forma pauperis* application of removing defendant and *sua sponte* remanding the action for lack of subject matter jurisdiction), *aff'd*, 610

F. App'x 95 (3d Cir. 2015). Because Defendant is proceeding *pro se*, the Court construes Defendant's papers liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not credit a *pro se* party's "'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

When a case is filed in state court, a defendant may remove any action over which federal courts have jurisdiction. *See* 28 U.S.C. § 1441(a). The party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). This burden is heavy, since removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* For removal to be proper, a federal court must have original jurisdiction, that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States." *Concepcion v. CFG Health Sys. LLC*, No. 13-02081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013); *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In determining whether a complaint alleges a federal question, courts are generally guided by the well-pleaded complaint rule.[1] According to the rule, "a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim." *Concepcion*, 2013 WL 5952042, at *2.

Defendant appears to be removing a foreclosure action that was filed in the New Jersey Superior Court, Passaic County. *See* Notice of Removal ¶ 1. Defendant failed to include copies

---

[1] Although a defendant may also seek to remove a matter based on diversity jurisdiction, 28 U.S.C. § 1332, Defendant's notice of removal only addresses federal question jurisdiction. Therefore, the Court will not consider whether diversity jurisdiction exists at this time.

of the state court pleadings with her Notice of Removal, in violation of Local Civil Rule 5.1(e) and 28 U.S.C § 1446(a). Defendant did, however, include an October 22, 2018 letter addressed to herself and Vincent Cali, which states that a physical eviction is scheduled for November 5, 2018 at 9:00 a.m. D.E. 1 at 5.[2] As a result, the Court's analysis is solely based on a review of Defendant's Notice of Removal and the October 22 letter. Based on these documents, the Court assumes that the original state court complaint concerned the foreclosure on Defendant's property, and does not raise a federal question on its face. *See, e.g., Eubanks v. Young Women's Christian Ass'n*, No. 13-2050, 2013 WL 4781033, at *8 (M.D. Pa. Sept. 5, 2013) ("It is well settled law that federal courts typically lack subject matter jurisdiction over state eviction actions or other landlord-tenant matters.") (internal quotation omitted).

Defendant, however, argues, that resolution of the matter involves a substantial question of federal law and that "Defendant is a member of a protected class" for whom the Civil Rights Act of 1968 was created. Notice of Removal ¶¶ 8, 10. These arguments, however, appear to relate to a potential federal affirmative defense, not something that Plaintiff should have alleged in its Complaint. "Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim." *Rutter v. Wright*, No. 15-4418, 2015 WL 3949092, at *2 (D.N.J. June 29, 2015) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Therefore, the Court lacks jurisdiction over this matter. As such, remand is proper.

Accordingly, and for good cause shown,

IT IS on this 28th day of November, 2018,

---

[2] The letter provides that the eviction is scheduled for November 5, 2018 at 9:00 a.m. D.E. at 5. Defendant's notice of removal, however, was received by the Court at 10:00 a.m. on November 5, 2018. D.E. 1 at 1. Therefore, if the eviction proceeded as scheduled, it seems likely that this matter would now be moot.

**ORDERED** that pursuant to 28 U.S.C. § 1915(a), Defendant Christina Cali's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Notice of Removal without prepayment of the filing fee; and it is further

**ORDERED** that this matter is **REMANDED** to the Superior Court of New Jersey, Passaic County for lack of subject matter jurisdiction; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Defendant by certified mail return receipt; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this matter.

_____
John Michael Vazquez, U.S.D.J.